UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20962-CR-MORENO/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALFONSO MARCILLO-MERA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Alfonso Marcillo-Mera's Motion for Pretrial Determination of Jurisdiction (DE# 20, 2/2/17). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation. See Order of Reference to Magistrate (DE# 25, 2/8/17). Having reviewed the applicable filings and the law and having held a hearing on February 16, 2017, the undersigned respectfully RECOMMENDS that Alfonso Marcillo-Mera's Motion for Pretrial Determination of Jurisdiction (DE# 20, 2/2/17) be **DENIED** for the reasons stated herein.

## BACKGROUND

The defendant is charged by indictment in the Southern District of Florida, with conspiracy to possess with intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States in violation of Title 46, United States Code, Section 70506(b) and possession with intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States in violation of Title 18, United States Code, Section 70503(a).

On February 2, 2017, the defendant filed Alfonso Marcillo-Mera's Motion for Pretrial Determination of Jurisdiction (DE# 20, 2/2/17). The government filed its response in opposition on February 3, 2017. See Government's Response in Opposition to the Defendant's Motion to Dismiss Based on Jurisdiction (DE# 21, 2/3/17). The defendant filed his reply on February 15, 2017. See Alfonso Marcillo-Mera's Reply to Government's Opposition to Motion for Pretrial Determination of Jurisdiction (DE# 29, 2/15/17). The parties stipulated to the facts on the same day. See Stipulation (DE# 31, 2/15/17).

On February 16, 2017, the Court held a hearing on the instant motion. At the hearing, the Court admitted into evidence Defendant's Exhibit 1, the Statement of United States Coast Guard Officer Andrew Gathy.

This matter is ripe for adjudication.

## STIPULATED FACTS

The parties stipulate to the following facts:

1. On November 17, 2017, the United States Coast Guard (USCG) Cutter Edmonton interdicted the go-fast vessel named SIEMPRE MALGARITA in international waters approximately 208 nautical miles southwest of the Guatemala/El Salvador border.

2. The USCG Edmonton launched a Rigid Hulled Inflatable Boat (RHIB) to interdict the SIEMPRE MALGARITA in international waters. The boarding team for the USCG Edmonton's RHIB consisted of Boarding Officer Roberto Llamas, Assistant Boarding Officer David Holland, Officer Kennedy Eilerman, and Officer Michael Fesser.

3. Once the USCG Edmonton's RHIB came alongside the SIEMPRE MALGARITA, the boarding team identified the crew as Alfonso Bitaliano Marcillo-Mera, Laureano Roberto Quiroz-Mendoza, and Alexander Obando. The boarding team also identified the defendant Alfonso Bitaliano Marcillo-Mera as the master of the vessel. Marcillo-Mera, Quiroz-Mendoza, and Obando are citizens of Ecuador.

4.      Neither the defendant Marcillo-Mera, as the master of the vessel, nor the co-defendants, Quiroz-Mendoza and Obando, as the crew members, made a claim of nationality or registry for the vessel.

5.      The master did not have any documentation and he did not provide the homeport of the vessel or a last port of call. When the boarding team asked about the vessel's nationality, the defendant Marcillo-Mera stated that he did not know; however, the defendant identified the painted flag as an Ecuadorian flag. The boarding team saw the painted flag, and they believed it was a Colombian flag. See Exhibit A, pictures of the SIEMPRE MALGARITA, including the painted flag. Besides the painted flag on the hull, the SIEMPRE MALGARITA did not have any other flags present in or on the vessel.

6.      The USCG Edmonton communicated the master's failure to make a claim of nationality or registry of vessel and the master's misidentification of the Colombia flag as an Ecuadorian flag to the USCG control center at District 11.

7.      Based on Marcillo-Mera's statement that flag was an Ecuadorian flag - even though the USCG believed it was a Colombian flag - the USCG conducted a forms exchange with the Government of Ecuador and transmitted "Form 1: Action Request" to determine whether the government of Ecuador claimed nationality or registry over the SIEMPRE MALGARITA. The USCG indicated in the form that there was no claimed nationality, and that there was a possible flag state claim by vessel markings. Ecuador could not confirm the nationality or registry of the vessel. The USCG did not contact the government of Colombia.

8.      The USCG treated the SIEMPRE MALGARITA as a vessel without nationality and proceeded to board the SIEMPRE MALGARITA.

9.      The national flag of Ecuador consists of horizontal bands of yellow (double width), blue and red with a coat of arms in the center of the flag. The flag of Colombia does not have a coat of arms but is otherwise identical. See Exhibit B, images of the flags of Ecuador and Colombia.

10.     Attached as Exhibits C, D, E, and F are USCG reports prepared by Boarding Officer Roberto Llamas, Assistant Boarding Officer David Holland, Officer Kennedy Eilerman, and Officer Michael Fesser. The reports are hereby incorporated into the stipulation. If the boarding team members were called to testify, their testimonies would reflect the statements made in the reports.

Stipulation (DE# 31, 2/15/17).[1]

## ANALYSIS

The instant action is a criminal prosecution for violations under the Maritime Drug Law Enforcement Act ("MDLEA"). The defendant challenges this Court's subject-matter jurisdiction over the vessel on the ground that the USCG failed to contact Colombia to obtain consent to the United States' exercise of jurisdiction pursuant to the MDLEA.

"The MDLEA criminalizes knowingly or intentionally manufacturing or possessing a controlled substance, with or without intent to distribute, aboard a vessel subject to the jurisdiction of the United States." United States v. Cruz, 503 F. App'x 837, 838 (11th Cir. 2013) (citing 46 U.S.C. § 70503(a)(1)). Section 70502(c)(1)(A) provides that "[a] vessel subject to the jurisdiction of the United States includes 'a vessel without nationality.'" Id. (citing § 70502(c)(1)(A)). Thus, the issue before this Court is whether the vessel was a vessel without nationality under the MDLEA.

The defendant argues "that because the vessel was flying[2] a Colombian flag, the United States does not have jurisdiction over this action insofar as Colombia never actually consented or waived its objection to the exercise of U.S. criminal jurisdiction." Alfonso Marcillo-Mera's Motion for Pretrial Determination of Jurisdiction (DE# 20 at 5, 2/2/17).

The undersigned finds that the vessel was a vessel without nationality under the

---

[1] The exhibits referenced in this section are those attached to the Stipulation (DE# 31, 2/15/17).

[2] Although the defendant argues that the vessel was "flying" the flag of Colombia, it is undisputed that the flag was actually painted on the side of the vessel.

MDLEA. The MDLEA defines the term "vessel without nationality" to include:

> (A) a vessel aboard which the master or individual in charge makes a claim of registry that is denied by the nation whose registry is claimed;
>
> (B) a vessel aboard which **the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel**; and
>
> (C) a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality.

46 U.S.C. § 70502(d)(1)(A)-(C) (emphasis added). Here, it is undisputed that when the Coast Guard inquired as to the nationality of the vessel, the master of the vessel (the defendant) either said nothing or said he did not know. This case falls squarely within section 70502(d)(1)(B) because the master of the vessel failed "to make a claim of nationality or registry for that vessel" upon the request of a USCG officer. For this reason, the Court finds that the vessel is a vessel without nationality over which the Court has subject-matter jurisdiction pursuant to section 70502(c)(1)(A).

Alternatively, the Court finds that the vessel has not made a claim of nationality or registry. There are only three ways to make a claim of nationality or registry under the MDLEA:

> (1) possession on board the vessel and production of documents evidencing the vessel's nationality as provided in article 5 of the 1958 Convention on the High Seas;
>
> (2) flying its nation's ensign or flag; or
>
> (3) a verbal claim of nationality or registry by the master or individual in charge of the vessel.

46 U.S.C. § 70502(e)(1)-(3). It is undisputed that no documents establishing the

vessel's nationality were produced and that there was no verbal claim of nationality. Thus, the only issue is whether a flag painted on the side of the vessel constitutes "flying [a] nation's ensign or flag." Id. at § 70502(e)(3). "In statutory construction, the plain meaning of the statute controls unless the language is ambiguous or leads to absurd results." United States v. Hoffman-Vaile, 568 F.3d 1335, 1343 (11th Cir. 2009) (citation and internal quotation marks omitted). The word "flying" suggests movement. See Webster's Ninth New Collegiate Dictionary (defining "flying" as "moving or capable of moving in the air"). The undersigned finds that, under the plain meaning of the statute, a country's flag painted on the side of the boat does not constitute "flying [a] nation's ensign or flag" as required by the MDLEA.

In sum, because the vessel was a stateless vessel, this Court has subject-matter jurisdiction over the vessel.

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that Alfonso Marcillo-Mera's Motion for Pretrial Determination of Jurisdiction (DE# 20, 2/2/17) be **DENIED**.

The parties shall have until **Thursday, February 23, 2017**[3] to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except

---

[3] This matter is set for a Calendar Call before Judge Moreno on February 28, 2017. For this reason, the deadline to file objections has been shortened.

upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 16 day of February, 2017.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Moreno
All Counsel of Record